### OWEN *v.* COX.

Opinion delivered January 24, 1916.

DOWER—ASSERTION OF CLAIM—ESTOPPEL BY THE RECORD.—A widow failed to make a claim for dower in lands belonging to her deceased husband, but did join with deceased's son in petitioning that certain lands be awarded to him. Defendant purchased the land from the son, relying in good faith upon the record. *Held,* the widow was estopped by the record thereafter to assert a claim for dower as against the purchaser.

Appeal from Randolph Chancery Court; *Geo T. Humphries.* Chancellor; affirmed.

*G. G. Taylor* and *E. R. Lentz,* of Missouri, for appellant.

Plaintiff was, at the time of her husband's death entitled to dower. She has never relinquished it and she was not barred by the decree in chancery, as her right to dower was not *in issue,* (34 N. J. L. 418), the leading case on this subject. This case has been followed and approved in many cases. 140 U. S. 254; 186 Mo. 633; 214 Mo. 206; 108 Ind. 517; 112 N. W. 386; 54 W. Va. 613;

1 Black on Judg. 242; 96 Ark. 545; 40 Id. 28; 9 Wheat, *Osborn* v. *Bank;* 12 Pet. (U. S.), *Kendall* v. *U. S.,* 125 S. W. 364; 106 U. S. 699; 138 *Id.* 562. She was not a party to the suit and she is not barred nor estopped. 96 Ark. 545 and cases *supra.*

*E. G. Schoonover* and *G. B. Oliver,* for appellee.

The proceedings in the Randolph court were authorized by Kirby's Dig., § 5770 and § 6280; 30 Cyc. 201 (16) and 20, 67. The evidence shows that she consented to the proceedings and she is bound. 30 Cyc. 153A; *Ib.* 161C; 77 Ark. 309; 84 *Id.* 557; 62 *Id.* 51. She abandoned all claim and put Wiley Owen in possession. 102 Ark. 658. A widow can convey her dower to the heir. 31 Ark. 334; 37 *Id.* 648; 62 *Id.* 313. The decree is binding on her until set aside. 34 Ark. 642; 23 Cyc. 1077. She is certainly estopped. 30 Cyc. 164G.

McCULLOCH, C. J. This is an action instituted by appellant Sarah E. Owen, in the chancery court of Randolph County, against her children and their grantees to require the assignment to her of dower in a tract of land in that county left by her husband, Thomas R. Owen, who died in the year 1894. Thomas R. Owen died, as before stated, in the year 1894, leaving surviving the appellant, his widow, and four children, and he was the owner at the time of his death of several tracts of land in Butler and Wayne counties, Missouri, and the tract in controversy situated in Randolph County, Arkansas. Dower in the Arkansas land was never assigned to the widow, nor does it appear that her dower in the Missouri land was ever assigned.

This action was not begun until the year 1913, after the lands had been decreed by the chancery court of Randolph County to Madison Wiley Owen, one of the children of Thomas R. Owen, and by him conveyed to W. D. Polk. The decree of the Randolph Chancery Court just referred to was rendered in the year 1902 on the *ex parte* petition of appellant and the heirs of Thomas R. Owen. It was alleged in the petition in that proceeding that Thomas R. Owen had intended that the Randolph County

tract of land should go to his son Madison W. Owen, and that said decedent had executed a nuncupative will. It is not alleged, however, in the complaint that the will was ever reduced to writing in accordance with the statute and it was not sought to enforce the will. The prayer of the complaint was that the title to the Randolph County tract of land be vested in said Madison W. Owen, and the court rendered a decree in accordance with that prayer, the language of the decree being as follows: "It is by the court ordered, adjudged and decreed that Wiley Owen take for his share of the lands belonging to the estate of Thomas R. Owen, deceased, as follows: (Here follows description of the land in controversy). And that the title of the same be vested in him and divested out of the other plaintiffs, and the same is hereby confirmed and held as firm and effectual forever." Shortly after the rendition of the decree, Madison W. Owen sold and conveyed the lands, and they have been occupied adversely since the date of said sale. This action was brought one day before the lapse of seven years after the conveyance of the lands by Madison W. Owen.

It is urged by appellant, in the first place, that the evidence shows affirmatively that the decree of the Randolph County chancery court, vesting the title to the lands in Madison W. Owen, was rendered without the knowledge or consent of appellant and that she did not authorize the institution of proceedings in which that decree was rendered. We have considered the testimony carefully and are of the opinion that it justified the finding that appellant authorized the proceedings. She denies that she knew anything about it, and so does her daughter, who was nineteen years of age at the time she testified, and was therefore eight years of age at the time the proceedings were had. On the other hand, appellant's son, Madison W. Owen, testified that his mother and the man who was advising her in her business affairs went with the witness to the office of the attorneys who instituted the proceedings in the chancery court and discussed with those attorneys the matter of dividing the lands between the heirs of Thomas R. Owen. That witness stated that

nothing specific was said to the attorneys about a suit in the court of Randolph County, but that it was understood in the conversation with the attorney that the lands in Randolph County were to be awarded to him (witness) and that the Missouri lands were to go to the other heirs. The attorneys who instituted the proceedings in the name of appellant and her children were reputable attorneys, and there was enough in the conversation with them, as detailed by witness Madison W. Owen, to show that they were authorized to take the necessary proceedings to carry out the intention of the parties in awarding the title to the Arkansas land to Madison W. Owen.

There was also a proceeding in the Missouri courts dividing the Missouri lands between the other heirs, subject to the dower right of the widow, but nothing was said in the Arkansas decree about the dower interest of the widow. The proceeding was manifestly instituted under the statute of this State which provides that where lands are held in joint tenancy, tenancy in common, or coparcenary, "any one or more of the persons interested may present to the circuit court a petition praying for a division and partition of such premises according to the respective rights of the parties interested therein," and that "every person entitled to dower in such premises, if the same has not been admeasured, shall be made a party to such petition." Kirby's Digest, sections 5770-5772. The purpose of requiring the dower claimant to be made a party is to allow her to assert her claim, and appellant was joined for the purpose of settling her dower rights in the land. Instead of claiming dower in that particular tract of land, she joined in the prayer that the title as against all of the parties be vested in Madison W. Owen, and we are of the opinion that she is bound by the decree rendered pursuant to her own request. There being an estoppel by the record, it is too late for appellant now to assert dower against purchasers who hold in faith of the record made by appellant herself.

The decree denying appellant the right to dower in the lands in controversy is affirmed.